FORBES and others *v.* WHITLOCK and others.

Individual stockholders of an incorporated company cannot file a bill against the agent and treasurer of the company for misconduct and account. Such a bill should emanate from and be filed in the name of the corporate body. There are cases where individual stockholders can file bills, but it is only where the officers have the control and are guilty of breach of duty as trustees.

*January* 6,
1841.

*Pleading.*
*Corpora-*
*tion.*
*Parties.*

BILL and demurrer.

The bill was filed by the complainants in their individual names. It showed that they were stockholders of an incorporated company, known as "the Flax and Hemp Manufacturing Company;" that the company had purchased machinery of the defendant Sidney B. Whitlock and he had taken stock in part payment, and they had, also, appointed him their treasurer and agent. There were charges of fraud as well in relation to the sale of the machinery as in regard to the funds of the company. The bill alleged that the stockholders who filed the bill, with five others, embraced all who held shares; and that these five refused to join in the present bill. *Prayer:* that the contract with Whitlock, for the purchase of the machinery, might be set aside on the ground of fraud; that he might respond in all damages and losses occurred by his fraudulent acts; and for further relief.

General demurrer.

Mr. *George Brinckerhoff*, for the defendant.

Mr. *W. Silliman,* for the complainants.

*June* 8.

THE VICE-CHANCELLOR:—This general demurrer to the whole of the bill will have to be overruled, unless there is a total want of equity or of right on the part of the complainants to file it.

Mere formal defects, which can be cured by amendment, should be pointed out as special cause of demurrer, either in

the written demurrer itself or *ore tenus*. The latter is admissible on payment of costs of the record demurrer : *Robinson* v. *Smith*, 3 Paige's C. R. 222; *Garlick* v. *Strong*, Ib. 440.

But is not the present bill entirely untenable ?

Upon the covenant of the defendant Sidney B. Whitlock, as a legal instrument in relation to the capability of the machinery which he turned in as a part of the capital stock of the company, if there has been a breach or violation of it in that respect, it appears to me that the remedy for damages must be sought for at law by and in the names of those with whom the covenant was made and it was no good reason for coming into chancery to have the legal effect of such covenant and to recover damages which the parties individually have sustained that some of them refuse to unite with the rest in bringing an action. Their refusal may rest upon just grounds. The bill does not allege that the refusal proceeds from any wrongful or fraudulent motive or from collusion with the defendant Whitlock. I apprehend, however, that it is not the object and intention of that covenant and of the articles of agreement of the twenty-fourth day of January, one thousand eight hundred and thirty-eight, to give these parties, in their own names and as individuals, the remedy which this bill seeks. It was an agreement entered into with them as stockholders of the company, a corporate body ; it is so expressed. They dealt with this defendant in the character of corporators and the whole agreement must, in equity at least, be considered as enuring to the benefit of the corporation. The property turned in became the property of the corporation. It formed a part of its capital stock ; and whatever breach of the covenant may have been committed or of fraud perpetrated by falsehood and misrepresentation, by means of which an injury has resulted or a loss has been sustained, that loss or damage has fallen upon the corporate body and that body, having a legal capacity to sue, the remedy should be pursued by or in the name of the corporation ; and if the corporation be dissolved, (which does not, however, appear by the bill,) then, by representatives legally appointed for that purpose. The stockholders would, of course, participate in the benefit of what would be recovered ; but they have not such an interest now as entitles them to drop the name of the corporation and prosecute on

their individual account. It would be attended with endless difficulty and embarrassment.

Every charge and allegation which this bill contains, as furnishing a ground for equitable interference and relief against this defendant, seems to me to show that the corporation itself is to seek the remedy. It belongs to that body and not to the individual stockholders.

The misconduct of this defendant, as agent and treasurer of the company, by producing injury and loss to the company, is more emphatically a subject of complaint by the corporate body.

Cases have occurred in which stockholders have been at liberty to exhibit a bill in their own names. This can be done when the directors, officers or managers, having the control of the corporation and its affairs, are guilty of misconduct that amount, to a breach of duty as trustees. Their *cestuis que trust* or stockholders may then call them to an account by a bill in their own names. But in such cases it may be necessary to make the corporation a party either as complainant or defendant : *Robinson* v. *Smith*, 3 Paige's C. R. 222.

The present is not a case where the board of directors is complained of; and as the injury and wrong appears from the bill, if true, to have been inflicted by this individual on the corporation in lessening or diminishing its property, the corporation itself has the exclusive right to sue.

On the ground that the right is not in the individuals in whose names the bill is filed, I am of opinion the demurrer must be allowed and the bill be dismissed, with costs.