## C. A. LOW, APPELLANT, vs. S. A. BLACKBURN, RESPONDENT.

An agreement between some of the parties to a suit in equity cannot be the founda-tion for a decree, when there is nothing in the pleadings on which to base such decree.

When there was litigation between Low, on one side, and a widow and her infant daughter on the other, as to the ownership of certain property, and it was agreed to compromise the litigation by first perfecting the title in Low, upon which he was to convey a part of the property to the widow. This will not authorize a decree declaring the widow has no title, and then requiring Low to convey, as per terms of compromise. Such a decree does not dispose of the infant's claim.

Low would not be bound to convey whilst the claim of the infant remains unad-justed, nor until after his title was perfected.

APPEAL from a decree rendered in the District Court of the First Judicial District, the Hon. CALEB BURBANK presiding.

*Williams & Bixler* appeared for Appellant.

*L. Aldrich,* for Respondent.

Opinion by BROSNAN, J.

This is a suit in equity instituted to quiet the title to a certain interest (viz : one-tenth) in mining ground known as the " Crown Point Claim." The material facts and allegations in the complaint, so far as necessary to a full understanding of the case, are substantially these : That at the commencement of the action, and for years anterior, the appellant, Low, was the lawful owner and in the possession of the property in controversy ; that his title is founded upon a valid deed of conveyance executed by one Blackburn in 1860, whereby and through mesne conveyance the estate (said one-tenth) vested in him, Low ; that the defendant, Sarah A. Blackburn, is the widow of said Blackburn, and the defendant, Minnie Blackburn, is the daughter of the said Sarah and of the deceased John L. Blackburn, and an infant ; and that the defendant Small is her duly appointed guardian ; that the defendants unlawfully claim some interest or estate in said property (the guardian claiming on behalf of his ward) which claim beclouds and depreciates the value of said property.

Low v. Blackburn.

The complaint prays that Low be adjudged the only lawful owner, and that his title be quieted, and the defendants be barred and enjoined from further asserting any interest in or claim to any portion of said undivided one-tenth of said mining ground.

The answer, which is joint, simply " denies each and every allegation contained " in the complaint.

The case was tried by the Court without the intervention of a jury, and no portion of the evidence is embodied in the record. We have, therefore, to determine the case upon the pleadings and findings of the District Court as they appear before us. The Court finds, in the first instance, as follows :

" That the plaintiff was, at the commencement of this action, and prior thereto, had been, and still is, the owner of the premises described in the complaint, and deraigns title thereto from John L. Blackburn, who died in the latter part of the year 1861."

The Court also finds that the plaintiff was in possession of the property described in the complaint at the time the action was commenced. The Court further finds, " that at and before the commencement of this action, the said defendants, Sarah A. Blackburn and B. F. Small, not being in possession, were asserting title to the premises aforesaid, adversely to the plaintiff, and under and by virtue of the title of John L. Blackburn, deceased, which is in the plaintiff," the said Sarah claiming for herself as widow, and the said Small claiming as guardian for his ward.

Had the case rested at this point, as we think it should have, so far as we are advised by the record, there would seem no impediment to a decree in favor of the plaintiff, Low, the appellant in this Court. Clearly, the facts thus far found, not only authorized, but demanded such a result. All the important allegations in the bill of complaint were proven and established according to the findings of the District Court, and as a legal as well as a logical sequence, (if the complaint stated a sufficient cause of action, as to which no question is made) the plaintiff was entitled to the usual decree.

He is declared to be the owner and in possession of the premises, and that the defendants—Sarah in her own right as widow, and Small, the only person who could assert the claim as the guardian of the infant—were claiming adversely to him. But the embarrassment of this case, if there were any, seems to arise from the intro-

duction on the trial of certain documentary evidence, the use or admissibility of which this Court cannot understand from the record.

In the sixth finding of the District Court it is stated, that at the time of the commencement of this action, several suits were pending between the defendant in this suit, Sarah A. Blackburn, and others, concerning the premises in dispute and certain interests in the Yellow Jacket mine ; and that, for the purpose of adjusting and settling all the matters in controversy, the attorneys of the respective parties litigant (the defendant, Sarah A. Blackburn, assenting) entered into a written stipulation, the substance of which, for the sake of brevity, we state only so far as it affects the case under consideration. In that document it was agreed, that as to the title of John L. Blackburn to the undivided one-tenth part of the " Crown Point claim," (the property involved in this case) it should be perfected in Charles L. Low by sale, judgment, or otherwise, as the attorneys of the respective parties litigant may deem proper ; and, therefore, that said Low should convey ten feet of said ground in the " Crown Point claim," free of incumbrances, to the defendant, Sarah A. Blackburn.

The Court below next finds that the defendant, Sarah A. Blackburn, ratified and adopted this stipulation, and that this suit was brought with her consent, upon the recommendation of the attorneys of both parties, as being the best means of carrying the aforesaid stipulation into effect.

Upon the foregoing facts, the District Court ordered the entry of a decree declaring Low to be the lawful owner of the premises described in the complaint as against Sarah A. Blackburn and all persons claiming under her ; and commanding him to convey ten feet of the ground free of incumbrances to the said Sarah. We think the Court, in making this order to convey, manifestly erred. In doing so, however, we believe the District Judge was unquestionably influenced by the clause in the aforesaid stipulation, and a laudable desire to settle and determine the whole controversy, and thereby prevent any possible future. litigation for the enforcement of that stipulation. But as the case stands, the agreement to convey the ten feet of ground could not be enforced at the time, even by a bill for a specific performance, for the reason that the conveyance was subject to a condition not yet performed. By the agree-

ment, Low's obligation to convey did not mature. He was to convey when his title should have been perfected. This was not yet consummated. On the contrary, the defendant Sarah A. Blackburn, by her defense in this suit, is resisting the efforts of Low to place himself in the necessary position to convey to her a clear title pursuant to the terms of the stipulation. The perfecting his title to one-tenth of the whole claim, was a condition precedent to the executing a conveyance of the ten feet. And Courts of Chancery do not, under such circumstances, decree a specific performance.

If this relief be refused in a case where a complaint is filed for that special purpose, there can be no reason or authority for granting it upon an answer.

But this case stands in a still worse light. The answer prays for no affirmative relief. Neither does it advance a single fact or statement upon which the Court would be authorized to grant such relief. Even in equity, where technicalities are mostly discountenanced, a party can have relief, if at all, only upon the allegations in the pleadings.

No decree can be made in favor of a party upon grounds not set forth in his complaint or answer. The rule is absolute, in Chancery, that a party can only recover upon the case he presents. *Secundum allegata et probata. Bayley* vs. *Ryder,* 10 N. Y. R. 363, 370; *Byrne* v. *Romaine,* 3 Edw. Ch. 446-7; *Beatty* v. *Swarthout,* &c., Barb. Sup. Ct. Rep. 203-4.

Again, the decree under review, in our opinion, is erroneous in other particulars, and seems inconsistent with facts found by the Court. As matter of fact the Judge finds that the defendant Small, on behalf of the infant, asserts and claims title adversely to the plaintiff, yet the decree against him with costs in his favor; and in doing so, necessarily gives him unbridled license to continue the assertion of such adverse claim. This ought not to be tolerated.

If the mother is legally restrained from asserting her adverse claim, so should any other person standing in the same relation to the property. The right which the infant claims is identical in all its features with that of the widow of deceased. The claims of both are joint for the same subject, derived from the same source, and equally unfounded (if not just) in the eye of the law. Under the facts and circumstances of this case, if the law will silence the

6

claims of the one, it is but right, as well as logical, that the same law will silence the claim of the other. As to this the guardian, Small, stands in the same relation to this property, as regards his right to assert this adverse claim, as does Sarah A. Blackburn. And if he were permitted to do in his fiduciary character what the other defendant is restrained from doing, any decree made in this case would be shorn of its efficacy. All that would be necessary on his part would be to increase his industry in the slander of the title, and thus counterpoise the silence imposed by the law upon his co-defendant. Hence it follows that Small also should be restrained from setting up or asserting, as such guardian, any adverse claim to the property described in the complaint.

In conclusion, we glean from the record the following additional facts:

John L. Blackburn, in 1860, conveyed and transferred this ground, and the Court finds that the title so conveyed was in Low, at the commencement of this suit. Blackburn died in 1861.

Then, if the deed of conveyance in 1860 was sufficient to transfer his title and interest, and this title was in Low when this suit was instituted, (which facts the Court below finds) it follows, as matter of law, that neither the widow, Sarah, nor the infant, Minnie, has any estate or interest in the disputed property. It is but proper, however, to say in this connection, that anything advanced in this opinion is not intended to affect or prejudice in the least degree any legal or equitable right to which the infant, Minnie Blackburn, may be entitled. If she have any, the law will restore it when she reaches her majority.

The decree of the District Court is reversed, and the cause remanded for re-hearing, with leave to the defendant, Sarah A. Blackburn, to amend the answer so as to conform with the suggestions in this opinion, as to the stipulated ten feet of ground; each party paying their own costs on this appeal.

Judge BEATTY being disqualified, did not participate in this decision.