HARRIETT COLEMAN, Respondent, *v.* METROPOLITAN STREET RAIL-
WAY COMPANY, Appellant.

*Negligence — where a complaint alleges that a street car came to "a complete stop" a
finding that the plaintiff stepped therefrom while in motion necessitates a verdict
for the defendant.*

Where the complaint, in an action to recover damages for personal injuries sus-
tained by the plaintiff while alighting from one of the defendant's street cars, in
consequence of the negligence of the defendant in suddenly starting the car,
alleged that the car had come to "a complete stop" and, upon the trial, the
defendant introduces evidence tending to show that the car had not come to a
complete stop, the defendant is entitled to have the court charge the jury
" that, if they find that this plaintiff stepped off the platform of this car while
it was in motion at all, they must find a verdict for the defendant," not because
it is negligence, as a matter of law, for a person to step from a moving car
under any and all circumstances, but because, if the car was moving when the
plaintiff stepped from it, she had not established the negligence alleged in her
complaint.

HIRSCHBERG, J., dissented.

APPEAL by the defendant, the Metropolitan Street Railway Com-
pany, from a judgment of the Supreme Court in favor of the plain-
tiff, entered in the office of the clerk of the county of Kings on the
27th day of October, 1902, upon the verdict of a jury for $1,925,
and also from an order entered in said clerk's office on the 3d day
of November, 1902, denying the defendant's motion for a new trial
made upon the minutes.

*Arthur Ofner* and *Henry A. Robinson* [*Charles F. Brown* with
them on the brief], for the appellant.

*J. Brownson Ker* and *J. M. Birnbaum*, for the respondent.

WOODWARD, J. :

The plaintiff alleged " that on the 31st day of March, 1901, the
above-named plaintiff, while riding as a passenger for hire on one of
the defendant's cars, and when said car came to a complete stop
at the corner of 37th street and Eighth avenue, * * * and
while in the act of alighting from said car, and while using all due
and proper care for her own safety," the car was " started up by

the defendant's agents and servants with great suddenness and velocity, throwing the plaintiff off said car," etc.

This was the issue of negligence tendered, and the testimony of the plaintiff's witnesses was directed to the establishing of these facts. The defendant introduced evidence tending to show that the car did not come to a full standstill; that it merely slowed down. There was thus, under the pleadings, a distinct question of the defendant's negligence, and the only negligence alleged was in starting the car without giving the plaintiff an opportunity to alight after the car had come to a full stop. It was necessary for the plaintiff to prove these facts to establish negligence on the part of the defendant. Therefore, when defendant's counsel requested the court to charge the jury "that, if they find that this plaintiff stepped off the platform of this car while it was in motion at all, they must find a verdict for the defendant," he was entitled to the instruction. This, not because it is negligence as a matter of law to step from a moving car under any and all circumstances, but because if the car was moving when the plaintiff stepped from it, she had not established the negligence alleged in her complaint. While this distinction might very properly have been pointed out to the court, the fact that the defendant made a proper request and that the court declined to grant it, giving to the jury an erroneous statement of the law of this case, entitles the defendant to a reversal of the judgment and order appealed from. This case cannot, we think, be distinguished from *Patterson* v. *Westchester Electric R. Co.* (26 App. Div. 336), or in principle from that of *Anderson* v. *Third Avenue R. R. Co.* (36 id. 309). (See, also, *Rosenberg* v. *Third Avenue R. R. Co.*, 47 id. 323, 326, where these cases are distinguished.)

The judgment and order appealed from should be reversed and a new trial granted, costs to abide the event.

GOODRICH, P. J., BARTLETT and HOOKER, JJ., concurred; HIRSCHBERG, J., dissented.

Judgment and order reversed and new trial granted, costs to abide the event.