SCOTT, P. J. (concurring). I do not think that the defendant sustained the plea of fraud, except, perhaps, with regard to the Monroe Bank claim. The written representations as to the book accounts are that they are "genuine, bona fide" accounts, and there is nothing to show that they were not. Even if the plaintiff made an additional oral representation that they were collectible, there is no legal evidence that they were not, merely evidence that some of the creditors refused to pay in full. As to the claim of $1,400 against the Monroe Bank, however, the representation is that it was "genuine, bona fide, and correct." There is some evidence that it was not correct, and that the plaintiff knew, or was chargeable with knowledge, thereof. As to the representation that there were no claims against the company, that must, I think, be limited to claims which had been preferred prior to the date of the representation, or, at the very most, to valid, enforceable claims that might be made thereafter. It could not have been intended as a representation, or even guaranty, that no one would ever prefer an unfounded claim.

---

(48 Misc. Rep. 645.)

WAINWRIGHT v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. November 29, 1905.)

1. TRIAL—INSTRUCTIONS—PLEADING AND EVIDENCE TO SUSTAIN.

In an action for injury to a street car passenger, a charge that the mere fact of a car moving does not militate against the plaintiff, that it is a question for the jury whether there was negligence on the part of defendant, and that, if the plaintiff could reach the car and the car was slowly moving, the law leaves it for the jury to say whether the plaintiff was guilty of negligence in attempting to board the car at the time, was erroneous, under the allegation of the complaint that the car had come to a standstill and plaintiff's testimony that it might have been moving "a little bit; a child could have got on it though."

2. CARRIERS—INJURY TO PASSENGER—VARIANCE.

Where plaintiff alleged in his complaint that the car came to a standstill for the purpose of allowing him to board it, he could not recover on proof that the car was moving, no matter how slightly, when he attempted to board it.

Appeal from City Court of New York, Trial Term.

Action by Clement H. Wainwright against the Interurban Street Railway Company. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before SCOTT, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Bayard H. Ames and E. Merriam Bagg, for appellant.
Radigan, Burgin & Grey, for respondent.

MacLEAN, J. The plaintiff alleged that on the 3d day of June, 1903, the plaintiff herein duly signaled to the moterman and conductor in charge; that the "car thereupon came to a standstill, and plaintiff was carefully and prudently in the act of boarding said car, when, without any warning to said plaintiff, said car was suddenly and violently started, causing plaintiff to be thrown from said car." He

testified on his direct that he attempted to get on the car backward, that he had an umbrella and a small parcel in his right hand, attempted to get on, took hold with his left hand on the upright of the car and his right foot on the board, and that the car stopped. But on cross-examination he said: "It might be moving a little bit. A child could have got on it, though. I say a child could have got on." The only other witness to the alleged accident said he hailed the car, the car stopped, and he tried to get on. Upon this state of the evidence, for none was offered by the defendant, except as to the absence of any report of the alleged accident, and under the pleading, it was error and afforded a good exception, to charge:

"The mere fact of a car moving does not militate against the plaintiff. The law says it becomes a question for you to say whether or not that was negligence on the part of the defendant. If the plaintiff could reach the car, and the car was slowly moving, the law leaves it for you to say whether or not the plaintiff was guilty of negligence at attempting to board the car at that time."

It was further error to refuse to charge:

"That the plaintiff in his complaint in this case alleged that the car came to a standstill for the purpose of allowing him to board it, and that if the jury believes that the car was moving when he attempted to board the car, no matter how slightly, that the verdict must be for the defendant."

See Coleman v. Met. St. Ry. Co., 82 App. Div. 435, 81 N. Y. Supp. 836.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

SCOTT, P. J., concurs. GILDERSLEEVE, J., taking no part.