by it in this state until it shall have procured such certificate." Laws 1892, p. 1805, c. 687.

Under this provision an action was maintainable by a foreign corporation if at any time before bringing an action it procured the certificate. Neuchatel Asphalte Co. v. Mayor, etc., 155 N. Y. 373, 49 N. E. 1043. The amendment to section 15 of the general corporation law made by chapter 96, p. 267, of the Laws of 1901, after the decision in the Neuchatel Case, supra, provided:

"No foreign stock corporation in the state shall maintain any action in this state upon any contract made by it in this state unless prior to the making of such contract it shall have procured such certificate."

Manifestly, by its very language, this amendment had no application to contracts made prior to April 25, 1901, the date of the passage of the amendment. To hold otherwise would result in an impairment of the contract obligation into which the corporation entered in the year 1900. "The obligation of a contract is impaired in the constitutional sense by any law which prevents its enforcement, or which materially abridges the remedy for enforcing it which existed when it was contracted, and does not supply an alternative remedy equally adequate and efficacious. McGahey v. Virginia, 135 U. S. 662, 10 Sup. Ct. 972, 34 L. Ed. 304;" People ex rel. Reynolds v. Common Council, 140 N. Y. 300, 35 N. E. 485, 37 Am. St. Rep. 563; Lewis Publication Co. v. Lenz, 86 App. Div. 452, 83 N. Y. Supp. 841.

There is no allegation in the answer that the Locomobile Company did not, subsequent to the making of the contract and before the commencement of the action, obtain the authority to do business. Such omission is fatal. Assuming all that the pleader set forth, no valid defense is alleged.

It was error to set aside the judgment upon the ground that plaintiff cannot maintain the cause of action. Such a defense is an affirmative one, unless the facts upon which it may be predicated are declared in the complaint, in which case a demurrer would lie. Emmerich v. Sloane, 108 App. Div. 330, 95 N. Y. Supp. 39; C. R. Parmele Co. v. Haas, 171 N. Y. 583, 64 N. E. 440.

Order reversed, and judgment directed to be entered in favor of plaintiff, with costs and disbursements to appellant in this court and the court below.

SCOTT, J., concurs in the result.

———

(49 Misc. Rep. 647)

GOLDSTEIN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. February 27, 1906.)

CARRIERS—INJURY TO PASSENGER—ACTION—VARIANCE.

    In an action against a street railway company for injuries to a passenger, in which plaintiff alleged negligence in starting the car after it had been stopped and after plaintiff had started to alight, plaintiff was not entitled to recover if the car was moving at all, no matter how slowly, when she tried to get off.

Appeal from City Court of New York, Trial Term.

Action by Sarah Goldstein against the Metropolitan Street Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

Bayard H. Ames, for appellant.

Bennett E. Siegelstein, for respondent.

GREENBAUM, J. The complaint alleges the negligence of the defendant in starting the car after it had been stopped and after plaintiff had started to alight. Under such a pleading the defendant was entitled to the charge which he asked the court to make to the jury that, "if plaintiff alighted from the car when it was moving, no matter how slowly, provided it had not already stopped, she cannot recover." The court declined to charge as requested, and added: "It is a question for you to determine if the car was moving so slowly that the plaintiff could have gotten off without any accident happening, you have a right to consider that."

The instructions of the court as above quoted constituted reversible error. Coleman v. Metropolitan St. Ry. Co., 82 App. Div. 435, 81 N. Y. Supp. 836. The action was not brought upon the theory that the plaintiff stepped from a moving car under such circumstances which would absolve her from negligence, but upon the clear cut allegation that the car had been brought to a full stop and had been started before she had an opportunity to alight.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.