(125 App. Div. 501.)

## FURST v. ZUCKER.

(Supreme Court, Appellate Division, Second Department. April 24, 1908.)

TRIAL—INSTRUCTIONS—ISSUES NOT RAISED BY PLEADINGS OR PROOF.

In an action for injuries caused by a defective sidewalk, where the complaint was drawn upon the theory that defendant owed the duty to have his sidewalk in a reasonably safe condition for the use of the public, and the trial proceeded upon that theory, it was error to charge as a matter of law that the defect in the sidewalk constituted a public nuisance, leaving to the jury the question whether defendant by the removal of a tree caused the defect.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 587–595.]

Appeal from Municipal Court.

Personal injury action by Lillian Furst, by her guardian ad litem, Kalman Furst, against Max Zucker. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

Clarence Winter, for appellant.
Samuel W. Wallach, for respondent.

WOODWARD, J. The plaintiff brings an action to recover damages for personal injuries, alleging negligence on the part of the defendant in permitting the sidewalk in front of his premises to be out of repair. The plaintiff was four years old, and fell into a hole in the sidewalk about 2 feet by 2½ feet in size and 5 or 6 inches deep. She sustained painful injuires, and the jury has rendered a verdict for $500.

The learned court charged the jury as a matter of law that the hole in the sidewalk constituted a public nuisance, leaving to the jury the question of whether the defendant, by the removal of a certain tree, caused the hole. The defendant excepted to this charge, and we are of the opinion that this exception presents reversible error; for it is still the rule that judgments should be rendered in conformity with the allegations and proofs of the parties. "Secundum allegata et probata." Wright v. Delafield, 25 N. Y. 266, 268. The complaint was drawn upon the theory that the defendant owed the duty which prim-

arily rests upon the municipality to have the sidewalk in a reasonably safe condition for the use of the public, and the trial proceeded upon this theory without amendment. When the case was given to the jury, it was not upon the theory of negligence, but upon that of nuisance, and this the court had no right to do. The evidence that the defendant had anything to do with the removal of the tree, except to consent that it might be taken down, is very slight. There is a very strong probability from the evidence that the tree was taken down by some of the city authorities, and in view of the radical change in the character of the action it would be an injustice to permit this judgment to stand.

The judgment appealed from should be reversed, and a new trial ordered; costs to abide the event. All concur.