### SAVARESE v. FRANKEL.

(Supreme Court, Appellate Division, First Department. February 5, 1909.)

JUDGMENT (§ 250*)—RECOVERY—CONFORMITY TO ISSUES.

   Where the complaint in an action for injuries through falling on ice accumulated in the hallway of defendant's building charged defendant with negligence, and the trial proceeded on that theory, a judgment on the ground that defendant maintained a nuisance in allowing the ice to remain was unauthorized.

   [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 436; Dec. Dig. § 250.*]

Appeal from Trial Term.

Action by Faustina Savarese against Louis Frankel. From a judgment for plaintiff, and from an order denying defendant's motion for new trial, he appeals. Reversed, and new trial granted.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Edwin A. Jones, for appellant.
Francis H. Boland, for respondent.

SCOTT, J. The plaintiff sued for injuries from a fall upon ice which had been permitted to accumulate in the public hallway of the tenement house in which she lived. The cause of action was based solely upon the alleged negligence of defendant, who was charged as owner of the premises. He defended upon the ground that some months prior to the accident he had leased the whole premises to another. It was claimed by plaintiff that the alleged lease was sham, and a mere device to relieve defendant from liability, and the question thus raised was the one principally litigated upon the trial and dealt with by the court in the main charge. After the jury had been charged, and just before they retired to consider their verdict, the plaintiff's counsel asked the court to charge as follows:

"I ask the court, as the landlord in this case had rented these premises with a nuisance, which the testimony shows had existed prior to the making of the lease and continued, and that he took rent for the premises, that he is responsible if he knew of this condition."

To which the court acceded, saying:

"If he knew of the existence of the nuisance at the time he made the lease, I so charge."

This was duly excepted to, and constitutes reversible error. The complaint charged the defendant with negligence, and the trial proceed-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ed upon that theory. It is the settled rule that judgment can only be rendered in conformity with the allegations and proofs of the parties (Wright v. Delafield, 25 N. Y. 266), and a recovery for creating or maintaining a nuisance cannot be had upon a complaint which alleges only negligence. Furst v. Zucker, 125 App. Div. 591, 110 N. Y. Supp. 63.

Judgment and order reversed, and new trial granted, with costs to appellant to abide the event. All concur.