"in weighing all the other testimony in the case." This is really the rule in substance. Reehil v. Fraas, 129 App. Div. 563, 114 N. Y. Supp. 17. The phrase, "who might aid her case," might easily be made too much of in a critical mood. To be sure, the whole point of the omission to call the witness is because he could not "aid her case," but the meaning of the learned trial judge was who might aid her case if he could truthfully testify that way—and he was well understood by the jury. We cannot be too fine in such matters without doing injustice. The refinement of justice is often injustice.

The judgment should be affirmed.

Judgment and order of the County Court of Westchester county affirmed, with costs. RICH and MILLER JJ., concur. BURR, J., concurs in result. HIRSCHBERG, P. J., dissents.

---

## WALSH v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department. June 4, 1909.)

1. JUDGMENT (§ 248*)—CONFORMITY TO PLEADINGS AND EVIDENCE.

Judgments must be rendered in conformity with the allegations and proofs of the parties.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 434–444; Dec. Dig. § 248.*]

2. CARRIERS (§ 315*)—INJURY TO PASSENGER—PLEADING AND PROOF.

Where the only ground of recovery for injury to a passenger alleged was the starting of the car after it had stopped to permit him to alight and before he had an opportunity to alight in safety, there could be no recovery on evidence, to defeat the action, that the car had not stopped, but was moving slowly, when the passenger attempted to alight.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1270, 1281, 1282; Dec. Dig. § 315.*]

Hirschberg, P. J., and Rich, J, dissenting.

Appeal from Municipal Court, Borough of Brooklyn, Fifth District.

Action by John T. K. Walsh against the Nassau Electric Railroad Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, RICH, and MILLER, JJ.

Francis R. Stoddard, Jr., for appellant.
Edgar J. Treacy, for respondent.

WOODWARD, J. The complaint in this action to recover damages for personal injuries alleges that the plaintiff, a man 75 years of age, was properly upon one of defendant's cars; that he signaled the conductor to stop at a certain street corner, and that the car came to a stop; that while the plaintiff was in the act of alighting, and while one foot was upon the running board of the car and the other reaching for the pavement, the car was suddenly started, throwing the plaintiff to the pavement, resulting in the injuries. Plaintiff's witnesses testified to the facts, as alleged in the complaint, that the car had come to a

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

stop, and that it suddenly started before the plaintiff had an opportunity to reach the pavement; and the defendant's witnesses testified that the plaintiff attempted to get off the car while it was still in motion, though going very slowly. There was evidence to justify the jury in finding for the plaintiff; but we are of the opinion that the trial court erred in refusing the defendant's request to charge.

The court in its charge had stated generally the rules in reference to the defendant's negligence, and the duty of the plaintiff to establish absence of contributory negligence; but there was nothing in the charge which called the attention of the jury to the fact that the pleadings alleged that the car had come to a standstill, and that it was started without giving the plaintiff an opportunity to alight in safety; that the only ground of negligence asserted was the starting of the car from a standstill. At the close of the charge counsel for the defendant asked the court to charge "as it was held in Anderson v. Railroad Company, that if they find that the plaintiff stepped off this car while in motion they must find for the defendant." Counsel for plaintiff stated that he consented, if the court would charge it this way:

"They are to take into consideration whether the car was moving sufficiently to make it dangerous for him to step off. If the car was moving slowly, it would not be negligent to step off the car."

To this the court responded:

"Is that not covered in my charge about his stepping off—any act for which he was to blame, and the accident is caused by that, he is guilty of contributory negligence?"

This clearly left the jury in a position to believe that, if the car was only moving slowly, they might determine whether this constituted contributory negligence, when the only issue of negligence tendered by the pleadings was whether the car stopped, and then started before the plaintiff had a chance to alight. Counsel for defendant stated that he was quoting the Anderson Case, and that it held as he had requested the court to charge. The court asked, "What is that again?" and counsel repeated the request:

"If the plaintiff stepped off the car while in motion, they cannot find a verdict for the plaintiff, and must find for the defendant."

To this the court said, "I don't think I can charge that absolutely," and after counsel had noted an exception the court continued, "I will not charge that other than I have charged." This refusal to charge is error. It disregards the rule that judgments should be rendered in conformity with the allegations and proofs of the parties; secundum allegata et probata being a fundamental rule in the administration of justice. Wright v. Delafield, 25 N. Y. 266, 268; Furst v. Zucker, 125 App. Div. 591, 110 N. Y. Supp. 63. In the Wright Case it is said:

"Parties go to court to try the issues made by the pleadings, and courts have no right impromptu to make new issues for them on the trial, to their surprise or prejudice, or found judgments on grounds not put in issue and distinctly and fairly litigated."

The only issue here was whether the car, being stopped to let the plaintiff alight, was started before he had an opportunity to do so in safety. That was the only ground on which the plaintiff claimed the

right to recover; but by the court's refusal to charge, and practical acquiescence in the attitude of plaintiff's attorney, the jury were. permitted to give a verdict if they concluded that the car had not been stopped, but was moving only slowly, which was an issue not tendered; and upon this view the verdict might have been found upon the very evidence which the defendant submitted to defeat the recovery—to meet the issue tendered by the complaint. Direct authority for this holding may be found in Coleman v. Met. St. R. Co., 82 App. Div. 435, 81 N. Y. Supp. 836, and authorities cited.

The judgment and order of the Municipal Court should be reversed, and a new trial ordered; costs to abide the event.

BURR and MILLER, JJ., concur. HIRSCHBERG, P. J., and RICH, J., dissent.