JAMES HARRIS, Suing for the State Bank of William-
son of Williamson, N. Y., and in Behalf of Himself
and Other Stockholders, Plaintiff, *v.* GEORGE F.
WATERS et al., Defendants.

(Supreme Court, Wayne Equity Term, July, 1920.)

Banks and banking — liability of directors — actions — stock-
holders — negotiable instruments — judgments — release.

> While a cause of action against directors to recover for a
> general loss due to negligent loans, primarily belongs to the
> bank, a stockholder may bring the action when the bank upon
> request refuses so to do. The judgment in such action is for
> the benefit of the bank and may not be rendered in favor of
> the stockholder for his individual loss.

> Releases executed by directors to the bank or to each other
> for any loss due to their negligence, cannot convert the nature
> of the action from a representative to a personal one, or
> reduce the amount of the judgment.

> A former judgment against the directors is not *res adjudicata*
> as to subsequent charge-offs and losses.

> The release of an endorser of worthless notes for a considera-
> tion made by subsequent directors is not a bar to a recovery
> against the directors who were responsible for the loss to the
> bank on such notes, without proof that the endorser had some
> financial responsibility.

THE State Bank of Williamson of Williamson, N. Y.,
was incorporated in 1905 with a capital stock
of $30,000. This was increased to $60,000 in 1912 and
to $100,000 in 1914. The defendants Brandt and
Waters became directors and members of the examin-
ing committee in 1905 and the defendant Cheetham
became a director and president in 1908 and a member
of the examining and discount committees in 1910. The
defendant Waters became a member of the discount
committee in 1910. These three defendants acting in

their representative capacities took part in the management of the bank and its affairs were so conducted that in 1915 it was discovered that the capital stock and a surplus of $70,000 was entirely impaired and the state banking department took charge of the bank and an assessment of 100 per cent was found necessary and was levied upon the stockholders.

An action was then brought by the plaintiff in his representative capacity against the three defendants and one other and it was found that the negligence of the defendants had caused a loss to the bank of $109,-702.72. The defendants and another, however, interposed a defense to the action setting up releases and assignments of any loss occasioned by negligence and instead of a judgment being given to the plaintiff in his representative capacity, a personal judgment was given to him for the proportionate loss which he and some other stockholders had suffered in the sum of $4,496.10 beside costs, giving full effect to the releases and assignments executed by the directors.

The plaintiff collected and deposited the judgment but paid five one-thousandths of it to one not a defendant who demanded her share, and then took an appeal from the judgment. A motion was made by the defendants to dismiss the appeal on the ground that the plaintiff had accepted the benefits of the judgment and had no right to appeal therefrom. This motion and the appeal from the judgment were heard at the same time and the appellate division dismissed the appeal but did not pass directly upon the question of the form of the relief granted as not necessary to the decision made. *Harris* v. *Rogers,* 190 App. Div. 208.

The loss found to exist in that action included $20,000 on what is known as the Beebe line of loans and the plaintiff has brought this action to recover for a further loss on that line based upon the negligence

of the defendants and further charge-offs on that line of $7,000. When the case came on for trial a motion was made to strike out the defenses set up by the defendants by way of releases and assignments and these defenses were stricken out and a judgment rendered for the plaintiff in his representative capacity for the amount of loss which the court found had been sustained since the prior decision through the negligence of the defendants.

J. M. E. O'Grady, for plaintiff.

Edson W. Hamn, for defendants.

RODENBECK, J. The defendants Brandt, Waters and Cheetham are responsible for any negligence in connection with loans that were made, renewed or continued during their term of office as directors of the bank of Williamson. Brandt and Waters became directors as far back as 1905 and Cheetham in 1908. If after that time and down to the time of the severance of their relations with the bank as directors they were guilty of any want of ordinary care in the management of the affairs of the bank which caused a loss to the bank, they are responsible for that loss. *Hanna* v. *Lyon,* 179 N. Y. 107. It does not matter whether the negligence consisted in making an original loan, renewing or continuing a loan or in failing promptly to call a loan and enforce collection. It is sufficient if in their course of conduct in managing the bank a loss occurred through their negligence. The outstanding fact in this case bearing upon the negligence of the defendants is that while they were acting as directors of the bank and as members of the discount and examining committees, the bad loans of the bank ran up until they exceeded the capital stock of

the bank and its surplus, amounting together to $170,000, while at the same time they made reports which showed the bank to be solvent as a result of which the stockholders were required to pay an assessment of 100 per cent on their stock. There is only one conclusion possible from these facts and that is that the defendants did not exercise ordinary care in discharging the duties of their office. In the case of the specific notes complained of in this action upon which a loss occurred, the negligence consisted in making and renewing the Beebe notes when the defendants knew or ought to have known in the exercise of ordinary care that they were worthless and that the bank was insolvent.

The law affords relief against such negligence and permits a stockholder to bring an action against a director to recover for a general loss due to negligence when the bank refuses upon request to do so. A stockholder has no inherent right, however, to commence such an action. He is not entitled to any property or profits in the bank until a division has been made or a dividend has been declared. *Boardman* v. *Lake Shore & M. S. R. Co.*, 84 N. Y. 157. The cause of action against a director primarily belongs to the bank. *Bosworth* v. *Allen*, 168 N. Y. 157. The right of a stockholder to sue a director is a derivative one and can only be maintained after a demand upon the corporation to institute the action where such a demand is reasonably necessary. *Flynn* v. *Brooklyn C. R. R. Co.*, 158 N. Y. 493; *Craig* v. *James*, 71 App. Div. 238; *Forbes* v. *Whitlock*, 3 Edw. Ch. 446. A stockholder cannot in his individual right maintain an action against a director for a general loss occasioned to the corporation. *Kavanaugh* v. *Commonwealth Trust Co.*, 181 N. Y. 121; *Rothmiller* v. *Stein*, 143 id. 581; *Delevan* v. *New York, N. H. & H. R. R. Co.*, 154 App. Div. 8;

Supreme Court, July, 1920. [Vol. 112.

*Niles* v. *New York C. & H. R. R. R. Co.*, 69 id. 144; affd., 176 N. Y. 119. A recovery in the action serves as a restoration to the corporation of the loss which it has sustained (*German-American Coffee Co.* v. *Diehl,* 216 N. Y. 57) and constitutes a fund for the benefit of all of the stockholders. *Knickerbocker Trust Co.* v. *Condon,* 147 App. Div. 871.

The judgment to which a stockholder is entitled in such an action is a judgment in his representative capacity as a stockholder of the bank. He sues in that capacity and demands a judgment as such. The recovery does not belong to him as an individual but belongs to the bank. He is entitled to sue only because the bank has refused to sue. This authority is given to him by statute which enables stockholders to protect themselves against losses where a bank refuses to make efforts to recover such losses from the parties responsible therefor. In this case the stockholders were assessed 100 per cent and the losses occasioned through the negligence of the directors aggregated the amount of the capital stock and the surplus and yet the bank refused to make any effort to compel the directors to make good the losses. In such a case the directors cannot relieve themselves by assignments or by exchanging receipts or releases. Any stockholder is entitled to institute the action and to insist that the recovery shall go into the treasury of the bank undepleted by any arrangement between the delinquent or other directors. The action cannot be converted by defenses into an action in behalf of a stockholder as an individual. No such action is authorized by law in a case of this kind where the loss is a general one and not one peculiar to the complaining stockholder. What shall be done with the moneys recovered is a matter for the management of the bank. The court has no control over the internal affairs of a bank to the extent

of directing how any moneys recovered in an action of this kind shall be distributed. The power of a court of equity does not reach out to that extent and that court cannot render a judgment which is not demanded nor can it convert a representative action into a personal action and compel a plaintiff to accept a judgment which he has not demanded. It is fundamental that a judgment must be responsive to the issues tendered by the pleadings. *Reynolds* v. *Stockton,* 140 U. S. 254. Where proof for equitable relief entirely fails, a recovery cannot be had for legal relitf. *Jackson* v. *Strong,* 222 N. Y. 149; *Loeb* v. *Supreme Lodge Royal Arcanum,* 198 id. 180. A recovery upon an oral agreement to insure cannot be had under a complaint upon an executed contract of insurance. *Walrath* v. *Hanover Fire Ins. Co.,* 216 N. Y. 220. In an action to foreclose a mortgage the plaintiff cannot recover on a bond if the mortgage is not established. *Dudley* v. *Congregation, etc., of St. Francis,* 138 N. Y. 451. Where the action is at law no relief without amendment can be had in equity. *People's Bank* v. *Mitchell,* 73 N. Y. 406. In an action to establish a partnership if the proof of partnership fails there can be no recovery as for money loaned. *Arnold* v. *Angell,* 62 N. Y. 508. In an action upon a partnership no recovery can be had for profits as compensation. *Freeman* v. *Miller,* 157 App. Div. 715. Plaintiff cannot recover upon a cause of action distinct and separate from that sued on. *Allerton* v. *Rhineland Machine Works Co.,* 165 App. Div. 557. No recovery can be had for nuisance where the action is based on negligence. *Savarese* v. *Frankel,* 130 App. Div. 464. It ought to follow from these cases that a judgment in an individual capacity cannot be had in an action brought by a stockholder in a representative capacity to recover on behalf of a bank for a general loss to the bank.

It is not an answer to the issues tendered in actions of this kind to say that the defendants may set up assignments, releases and receipts and thus present issues for the court to pass upon in connection with the demand in the complaint because these assignments, releases and receipts are not a defense to a representative action and were therefore properly stricken out on the trial. In a stockholder's action the necessary allegations are the cause of action in favor of the corporation and the facts which enable the plaintiff to maintain the action in place of the corporation and any other allegations such as the amount paid by him for his stock and its depreciation is immaterial and will be stricken out (*Kavanaugh* v. *Commonwealth Trust Co., supra*) as "no stockholder could maintain an action for the loss he had individually suffered in the depreciation in the value of the share stock held by him." Id. 123.

The decision in the prior action would relieve the defendants in this action if it was *res adjudicata.* But the issues in that action were not such as to make that principle applicable. That action merely determined the amount of loss that had been occasioned through their negligence down to the time of the decision. If they were guilty of no negligence since that decision which resulted in a loss those acts could not form the basis of a cause of action but if notes existed prior to that decision which were placed upon the books or continued by renewals through their negligence, they can not relieve themselves because the loss which has arisen since the prior adjudication can not be directly traced to any negligence since that decision. It is enough if the notes were in existence prior to that decision and the loss was occasioned through any acts of theirs involving negligence, either prior or subsequent to that decision. The prior decision merely

found that there was a loss of $20,000 on the so-called Beebe line down to the time of the decision and could not have taken into account and did not take into consideration subsequent charge-offs and losses. These charge-offs and losses constitute a separate cause of action which did not exist and could not be anticipated by the court in the former case. The loss for which a recovery is sought in this action was, therefore, not litigated or involved in the prior action. '' It is incumbent on a party claiming an estoppel to make out a clear case, and it can not be sustained by doubtful inferences, or where the record is capable of a construction consistent with the subsequent claim.'' *Carter* v. *Beckwith,* 128 N. Y. 312, 323. In a case of this nature an action may be brought as often as a loss occurs otherwise an action for a small loss might bar an action for a much greater one due to the same negligence but not determinable at the time of the prior action. If the prior action is *res adjudicata* upon any question it is so as to the negligence of the defendants as to the notes which existed at that time. It is not such as to the total loss on the Beebe line for the payment of the Dudley notes which are included in the Beebe line shows that subsequent payments as well as subsequent losses might occur, and until the losses did occur no cause of action existed. If the former decision had held that the loss at the time of the decision was only $1,000 instead of $20,000 could it be successfully contended that that was the measure of the total loss on the Beebe line and that no action could be maintained for a subsequent loss. The form of the judgment can protect the defendants in case any payments should be made on any note adjudged to be a loss as was done in the judgment in the prior case.

The claim that these defendants should be relieved

because the directors of the bank on April 10, 1919, released Nottingham from his indorsement on three notes which are involved in the loss sought to be sustained in this action can not prevail. The notes even with his indorsement were at that time valueless assets in the hands of the bank. The acceptance of $1,400 for which credit is given to the defendants on the loss under these notes was a credit which could not have been secured by an enforcement of the notes. The evidence in the case shows that these notes with Nottingham's indorsement were worthless and a loss to the bank and the defense of the release is not available in the absence of evidence on behalf of the defendants to the effect that Nottingham's indorsement is of some value. The plaintiff having established a *prima facie* case of a loss under the notes with his indorsement, the affirmative shifted to the defendants to overcome that evidence and show that the bank officials after the resignation of the defendants as directors released a good indorser. Without such evidence the payment by Nottingham is a credit in favor of the defendants which could not have been secured by the enforcement of the notes. The defendants can not rely upon the bald fact that an indorser was released without showing that he had some financial responsibility.

The defendant Brandt resigned as a director January 12, 1916, and the other two defendants thereafter. They are liable for losses which occurred on notes in the Beebe line in the sum of $22,591.09. All of the notes upon which this loss occurred were made prior to January 12, 1916, and were made or renewed at a time when the bank was hopelessly insolvent. To this amount should be added $1,450 which is the amount of charge-off on the bonds taken in payment of the Dudley note. These bonds were credited at their face value and thereafter the bank charged off a deprecia-

tion on the bonds under circumstances which indicate that the bonds when taken were not worth par. This makes a total loss on the Beebe line in the former action and in this action of $24,041.09. This loss may be verified by subtracting from the total charge-offs of $27,000, the sum of the loss on the Dudley bonds, to-wit, $1,450, and the Dudley credit, to-wit, $4,408.91, which leaves $24,041.09. The findings in the prior action did not specify the notes upon which the loss of $20,000 occurred so that it is impossible to say whether or not the unpaid amount of the Dudley note of $4,408.91 was included as a loss in that judgment. In view of the failure to so specify the notes upon which the loss occurred, the only equitable course is to distribute the Dudley payment of $4,408.91 to that judgment and to the loss in this action *pro rata* according to the total loss. If this *pro rata* distribution is made there should be deducted from the $20,000 loss in the former judgment twenty twenty-sevenths of the Dudley payment or $3,265.87, leaving the loss on the Beebe line in the judgment $16,734.11 and the balance of the Dudley payment, $1,132.04, will then have been allowed in estimating the loss under the $7,000 charge-off, to-wit: $7,000 plus loss on bonds equals $8,450, less $1,143.02, leaves actual loss $7,306.98.

The plaintiff is, therefore, entitled to recover in this action the sum of $7,306.98 with interest on $2,000 from February 19, 1918, on $5,000 from April 9, 1919, and on $306.98 from December 30, 1919.

Judgment accordingly.