MARY LIFTON, Respondent, v. TITLE GUARANTEE & TRUST COMPANY, Appellant.

First Department, November 28, 1941.

*Archie B. Morrison* of counsel [*William S. O'Connor* and *Charles Roden* with him on the brief; *Daniel Miner*, attorney], for the appellant.

*Victor Deutsch* of counsel [*Isaac Clayman*, attorney], for the respondent.

O'MALLEY, J.   Plaintiff on November 28, 1939, while returning from lunch, entered an elevator in defendant's premises.   She had been employed there for about three months.

In endeavoring to alight at the fourth floor, she was precipitated in some manner face downward upon the floor of the loft. She sustained injuries through the alleged negligence of the defendant for which she has here recovered.

The elevator in question had two doors, an inner and an outer. The outer door had two parts, an upper and lower, and when opened by the operator the upper part would ascend and the lower part descend to the level of the floor.

Plaintiff testified that on the day in question she was the first to attempt to leave the elevator at the fourth floor, the first stop made; that she kept her eyes on the descending lower half of the outer door; that she did this because she knew that when the lower half came flush with the floor it was the safe and proper time to leave the car.

Throughout her testimony, she was positive that she did not attempt to leave until the lower half of the outer door was flush with the floor and that she was caused to fall by reason of the fact that the elevator itself was some six or seven inches below the level of the loft floor.   In this she was corroborated by a fellow worker who likewise testified that there was this six- or seven-inch difference between the elevator floor level and that of the loft.

Defendant's theory, as adduced from the testimony of the operator of the car and several passengers on their way to higher floors, was to the effect that, when the elevator came to a stop at the fourth floor, someone other than the plaintiff first left the car; that the operator had placed his foot upon the top of the lower half of the outer door and had cautioned passengers to watch their step; that when the party who first had left the elevator had proceeded some distance inside the loft and after a sufficient interval had elapsed to permit others in the car to make their way towards the door, the elevator operator started to close the outer door; that when the lower half was some six inches above the level of the elevator floor, plaintiff suddenly attempted to leave the car and was tripped by the rising lower half of the outer door.

The trial court, after charging the jury that plaintiff would have to recover upon her own theory of the case, granted the following request to charge:

" If your Honor please, I respectfully request your Honor to instruct the jury that inasmuch as the lower part of that door,

the movable part, when down formed a part of the floor, that is proving substantially as alleged the cause of action in this particular case, and the plaintiff would be entitled to recover if that door was raised while she was in the act of alighting from the elevator, causing in that respect an inequality between a movable part of the floor and the floor of the elevator.

" The Court: Assuming that she was not guilty of contributory negligence herself.

" Mr. Deutsch: Yes.

" The Court: I so charge."

Under the circumstances of this case, it was error to grant the request. It permitted plaintiff to recover under part of defendant's theory as to how the accident happened. Defendant maintained that plaintiff's fall was occasioned by her sudden and belated attempt to leave the elevator when the outer door was being closed. On the other hand, plaintiff was firmly of the opinion that the door was in fact not closing but that the accident occurred because the floor of the elevator was lower than the floor of the loft. It was conceded by defendant's counsel that under the complaint and bill of particulars plaintiff could have recovered upon the theory that she was tripped by the rising lower half of the outer door, but that she had failed to offer proof that this was the sole cause of the accident.

A party must recover *secundum allegata et probata*. This proposition is fundamental. (*Wright* v. *Delafield*, 25 N. Y. 266, 268; *Douglass* v. *Wolcott Storage & Ice Co., Inc.*, 251 App. Div. 79; *McNeil* v. *Cobb*, 186 id. 182; affd., 230 N. Y. 536; *Furst* v. *Zucker*, 125 App. Div. 591; *Gordon* v. *Ellenville & Kingston Railroad Co.*, 119 id. 797, 801; affd., 195 N. Y. 137.) Assuming that the concession was sufficient to justify a recovery by plaintiff under the allegations of her pleading upon defendant's theory, she nevertheless offered no proof to support it. A party is entitled to be apprised of the theory on which he is sought to be held. Here, it was not until summation by plaintiff's counsel that it developed in any way that plaintiff was of opinion that she might recover by adopting defendant's theory in part.

Under the circumstances, we are of opinion that the court committed prejudicial error in granting the request to charge.

It follows, therefore, that the judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

MARTIN, P. J., TOWNLEY and DORE, JJ., concur; COHN, J., dissents and votes to affirm.

COHN, J. (dissenting). I dissent and vote to affirm. The testimony of the elevator operator shows that the accident occurred when he attempted to close the shaft door without looking to see whether any one was about to leave the elevator. Defendant admits that plaintiff's leg struck against an obstruction when she was alighting. That, too, was plaintiff's testimony. The variance in proof related to the cause of the obstruction. Whether the obstruction arose because of an initial stop below the loft-floor level, or whether it was caused by a raising of the movable part of the floor above the loft-floor level, or whether, for both reasons, the fact is there was an obstacle in plaintiff's path which caused her to fall. Whichever view of the evidence the jury chose to accept, the proof adduced was within the scope of plaintiff's testimony, and was concededly within the allegations of the complaint and the bill of particulars. In the circumstances, the court did not err in granting plaintiff's request to charge.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.