In our opinion the latter construction is the natural and proper one to be adopted. Even if the language were ambiguous, it would be our duty so to construe it as to uphold the will, if under any reading that is possible. Hopkins v. Kent, 145 N. Y. 367, 40 N. E. 4; Jacoby v. Jacoby, 188 N. Y. 124, 80 N. E. 676. A somewhat similar use of words is found in the will under consideration in Matteson v. Palser, 56 App. Div. 91, 67 N. Y. Supp. 612, where the trust was to continue "until the youngest survivor of my said nieces and nephews shall arrive at the age of thirty years." A majority of this court was of opinion that this meant the youngest living at the death of the testator. The Court of Appeals affirmed the judgment, but expressly declined to pass upon this question. 173 N. Y. 404, 66 N. E. 110.

In Coston v. Coston, 118 App. Div. 1, 103 N. Y. Supp. 307, the trust was to continue "until the youngest of said children [of William F. Coston, deceased] shall attain the age of twenty-five years." The court held (Miller, J., writing) that the trust was valid, being limited upon the coming to the age of 25 years, or earlier dying, of the youngest of the children living at the death of the testatrix. A similar construction was given by the Court of Appeals to a will which suspended the apsolute power of alienation "until the youngest child of them," to wit, of four named children, "shall have attained the age of twenty-one years." Jacoby v. Jacoby, 188 N. Y. 124, 80 N. E. 676.

In our opinion, the construction of the will contended for by plaintiff is the correct one, and there should be judgment for her as prayed for in the submission, with costs. All concur.

---

ALLERTON v. RHINELAND MACH. WORKS CO.    (No. 6457.)

(Supreme Court, Appellate Division, First Department.    December 4, 1914.)

1. PRINCIPAL AND AGENT (§ 89*)—COMMISSIONS OF AGENT—COMPLAINT—SUF-FICIENCY.

A complaint alleging that defendant employed plaintiff as a salesman and office assistant, agreeing to pay him a salary and commissions on sales, that plaintiff worked for about a year, and besides his salary received only certain commissions, wherefore, defendant's books not being open to inspection, plaintiff demands an accounting, is insufficient to support a judgment for any amount, not stating a cause of action, because not showing that plaintiff made any sales.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 216, 229–239; Dec. Dig. § 89.*]

2. PLEADING (§ 426*)—COMPLAINT—INSUFFICIENCY—WAIVER OF ERRORS.

In view of Code Civ. Proc. § 1207, providing that the judgment shall not be more favorable than that demanded in the complaint, a defendant, who duly objected to the sufficiency of the complaint, which did not state a cause of action, and fortified his objection by appropriate exceptions, does not by participating in the trial waive his right to object, on appeal, to the sufficiency of the complaint, which was not amended so as to conform to the proof.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1425–1427; Dec. Dig. § 426.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, New York County.

Action by Reuben Allerton against the Rhineland Machine Works Company. From a judgment for plaintiff, and an order denying new trial, defendant appeals. Reversed, and complaint dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, DOWLING, and HOTCHKISS, JJ.

George D. Zahm, of New York City, for appellant.
R. S. Nichols, of New York City, for respondent.

HOTCHKISS, J. Plaintiff sued for commissions as traveling salesman. At the opening of the trial, defendant unsuccessfully moved to dismiss on the ground that the complaint failed to state a cause of action, and the case proceeded to trial on the merits. The complaint was not amended, nor were the pleadings conformed to the proofs.

[1, 2] The complaint is worse than inartificial; it totally lacks essential averments. It alleges that "heretofore, and on the 2d day of September, 1910, plaintiff was employed by defendant as salesman and office assistant," for which services defendant agreed to pay plaintiff $25 per week, his traveling expenses, and 5 per cent. commissions "on the selling price of all goods dealt in by the defendant which were sold by or through the plaintiff"; that plaintiff entered upon and continued in defendant's service until September 8, 1911, when he resigned; "that between the 2d day of September, 1910, and the 8th day of September, 1911, plaintiff secured and the defendant undertook to fill many orders for goods dealt in by the defendant; that plaintiff has not access to the books of the defendant, and does not know, nor is he able to ascertain, the exact amount of the gross selling price of the goods ordered from the defendant through the plaintiff during said period." It is further alleged that plaintiff had received his salary and $1,165.71 "on account of the aforesaid commissions and expenses," but no more; wherefore plaintiff demands judgment directing that an accounting be had of the moneys received or to be received by defendant for goods sold by plaintiff, and for general relief.

There is no allegation that the plaintiff sold any goods, or that he ever incurred expense. There is no allegation that anything is due plaintiff, and the only way in which it is possible to infer that plaintiff ever earned any commissions, or incurred any expenses, arises from the allegation that plaintiff had been paid the amount set forth "on account of the aforesaid commissions and expenses." No judgment based on such a record can stand.

Section 1207 of the Code of Civil Procedure provides that, where there is no answer, plaintiff may not have a judgment more favorable than that demanded in the complaint; "where there is an answer, the court may permit the plaintiff to take any judgment consistent with the case made by the complaint and embraced within the issue." This has long been the law, but I know of no authority for the proposition that where the "case made by the complaint" is nil, and tenders no issue, and this objection is seasonably made, and fortified by exception, and where the pleadings have not been made to conform to the proofs, the objection is waived by the objector continuing in court during the trial

of that which the court may be pleased to consider the issue, and on which judgment is subsequently rendered.

The ancient rule that the judgment should be in conformity with the allegations and proofs has not been abolished by the Code, but, on the contrary, has often been held to be "fundamental in the administration of justice." One of the earliest cases after the Code was Wright v. Delafield, 25 N. Y. 266. This was an action in equity to restrain the prosecution of actions at law on notes given for the purchase price of land, and praying for specific performance of a contract to convey. In his answer, defendant set up matters of defense, but no counterclaim on the notes, notwithstanding which he was given judgment thereon. In the course of its opinion the court said:

"Parties go to court to try the issues made by the pleadings, and courts have no right impromptu to make new issues for them, on the trial, to their surprise or prejudice, or found judgments on grounds not put in issue, and distinctly and fairly litigated."

And the affirmative judgment in plaintiff's favor was reversed.

The cases are numerous where it has been held that if the plaintiff fails to prove the cause of action set up in his complaint, and the objection is properly taken and preserved by exception, and no amendment of the pleadings is had, a judgment in plaintiff's favor on a cause of action entirely separate and distinct from that alleged cannot be sustained on appeal. Southwick v. First Nat. Bank of Memphis, 84 N. Y. 420; Reed v. McConnell, 133 N. Y. 425, 31 N. E. 22; Brightson v. Claflin Co., 180 N. Y. 76, 72 N. E. 920; Gordon v. Ellenville & Kingston R. Co., 119 App. Div. 791, 104 N. Y. Supp. 702, affirmed, 195 N. Y. 137, 88 N. E. 14, 47 L. R. A. (N. S.) 462. All of these cases go upon the principle that "pleadings and a distinct issue are essential in every system of jurisprudence, and there can be no orderly administration of justice without them." Brightson v. Claflin, supra, 180 N. Y. 81, 72 N. E. 920. As was said in the Southwick Case, supra, 84 N. Y. 429:

"A defendant may learn outside of the complaint what he is sued for, and thus may be ready to meet plaintiff's claim upon the trial. He may even know precisely what he is sued for when the summons alone is served upon him. Yet it is his right to have a complaint, to learn from that what he is sued for, and to insist that that shall state the cause of action which he is called upon to answer, and when a plaintiff fails to establish the cause of action alleged the defendant is not to be deprived of his objection to a recovery by any assumption or upon any speculation that he has not been injured."

Respondent cites Rogers v. N. Y. & T. L. Co., 134 N. Y. 197, 32 N. E. 27, and similar cases, which only go to support the principle of Reed v. McConnell, 133 N. Y. 434, 31 N. E. 23, where it was said:

"Where a cause of action is imperfectly stated, or on the trial a variance is disclosed between the pleadings and the proof, not affecting the essential nature of the claim asserted, the court has ample power to grant relief, without turning a party out of court."

The judgment should be reversed, and the complaint dismissed, with costs to the appellant. All concur.