FRED S. JACKSON, Respondent, *v.* CHARLES W. STRONG, Appellant, Impleaded with Others.

**Equity — when the proof, in an action brought for equitable relief, shows that there is no substantial cause for equitable interference, the court will not retain the action and grant purely legal relief but will dismiss the complaint.**

1. Where some ground of equitable jurisdiction is alleged in a complaint but fails of proof in its entire scope on the trial, and it appears that there never was any substantial cause for equitable interference, the court will not retain the action and grant purely legal relief, but will dismiss the complaint.

2. The complaint alleges that two attorneys, one of whom is plaintiff, the other one of the defendants, entered into a contract to prosecute a negligence case for their joint benefit. The defendant attorney received the amount of the judgment and refuses to pay over

to the plaintiff his share of the recovery. Plaintiff demands an accounting to determine the amount due him, while defendant interposes a general denial. The referee rendered his report as in an action at law, finding in substance that the plaintiff, at the request of the defendant attorney, performed certain services in prosecuting the action and that the defendant agreed to pay the plaintiff liberally out of the recovery in the event of success in the action, but that there was no contract between them whereby the plaintiff obtained any specific interest in the recovery and that they were not partners; that the prosecution of the case was successful and that defendant recovered a very considerable sum and fixed the value of plaintiff's services and expenses and directed judgment therefor. *Held*, that as the complaint set out a cause of action in equity which the plaintiff failed to prove on the trial, the court could not without amendment of the pleadings award damages as in an action at law.

*Jackson* v. *Strong*, 170 App. Div. 936, reversed.

(Argued November 27, 1917; decided December 11, 1917.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 12, 1915, affirming a judgment in favor of plaintiff entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Irving W. Cole* and *Charles W. Strong* for appellant. The character of an action is determined by the allegations of the complaint and the issues are formed and limited by the pleadings. (*Welsh* v. *Darragh*, 52 N. Y. 590; *Neudecker* v. *Kohlberg*, 81 N. Y. 297; *Untermyer* v. *Beinhauer*, 105 N. Y. 521; *Steck* v. *Colorado Fuel & Iron Co.*, 142 N. Y. 236; *Thomas* v. *Snyder*, 77 Hun, 365; *Goodwin* v. *Griffis*, 88 N. Y. 629.) The complaint alleges and sets up simply a cause of action in equity. (*Marston* v. *Gould*, 69 N. Y. 220; *Ross* v. *Willet*, 27 N. Y. Supp. 785; *Hill* v. *Curtiss*, 154 App. Div. 662; *O'Hara* v. *Harman*, 14 App. Div. 167; *Weldon* v. *Brown*, 84 App. Div. 482; 89 App. Div. 586; *Wilcox* v. *Pratt*, 125 N. Y. 688; *Fairchild* v. *Valentine*, 7 Robt. 564.) The plaintiff entirely failed to

prove the cause of action alleged, and upon which alone judgment could proceed, and the complaint should have been dismissed by the referee. (*Hathaway* v. *Clendenning,* 135 App. Div. 407; *Hart* v. *Garrett Co.,* 87 App. Div. 336; *Everett* v. *De Fontaine,* 78 App. Div. 219; *Lee* v. *Washburn,* 80 App. Div. 413; *Kirkwood* v. *Smith,* 82 App. Div. 411; *Freeman* v. *Miller,* 157 App. Div. 715; *Loeb* v. *Royal Arcanum,* 198 N. Y. 180; *Vincent* v. *Moriarity,* 31 App. Div. 484; *Stevens* v. *Mayor, etc., of City of New York,* 84 N. Y. 296; *People's Bank* v. *Mitchell,* 73 N. Y. 406; *Bradley* v. *Aldrich,* 40 N. Y. 504; *Wheelock* v. *Lee,* 74 N. Y. 495; *Arnold* v. *Angel,* 62 N. Y. 508.)

*Wallace Thayer* for respondent. The plaintiff having failed to satisfy the referee that he had an express contract with the defendant Strong to pay him one-half of what the defendant Strong collected, and having shown what the reasonable value of the plaintiff's services was, should recover such reasonable value. (*Everett* v. *De Fontaine,* 78 App. Div. 219; *Sussdorf* v. *Schmidt,* 55 N. Y. 319; *Barney* v. *Fuller,* 133 N. Y. 605; *Rubin* v. *Cohen,* 129 App. Div. 395; *Baumann* v. *Manhattan Co.,* 97 App. Div. 470; *Lockhart* v. *Hamlin,* 190 N. Y. 132.)

CUDDEBACK, J. The complaint in this action sets forth that the plaintiff and the defendant Strong, who are attorneys at law, entered into a contract to prosecute for their joint benefit a negligence case. One William Simons had been killed in an accident, caused, as it was said, by the carelessness of the International Railway Company.

The plaintiff and Strong agreed, as the complaint shows, to investigate the circumstances of Simons' death and ascertain if his personal representatives had a cause of action against the railway company and to bring suit against the company if it was ascertained that a cause of

action existed. They were to bear equally the expenses of the litigation, become partners in the conduct of the case, and share equally in the receipts.

The complaint further sets forth that the suit was brought by Strong as attorney against the railway company and a verdict of $8,550 was rendered in favor of the personal representatives of the decedent, and that the judgment entered on the verdict was subsequently affirmed at the Appellate Division and in this court. Furthermore, that the defendant Strong received from the railway company the amount of the judgment with interest and costs, and that he now repudiates the contract with the plaintiff and refuses, after due demand, to pay over to the plaintiff his share of the recovery.

The defendants Petrie, Fiederspiel and Thayer are joined as defendants because the plaintiff assigned to each of them a certain undivided part in his share of the judgment against the railway company under his agreement with the defendant Strong. It was subsequently stipulated that the plaintiff should collect and receive whatever sum these defendants might be entitled to.

The plaintiff in his complaint demanded judgment against the defendant Strong for an accounting to determine the amount due to the plaintiff and for the recovery thereof.

The answer of the defendant Strong is a general denial of the allegations of the complaint that the defendant agreed to share with the plaintiff any amount recovered from the railway company, and the answer alleges that the defendant Strong simply employed the plaintiff to assist in the prosecution of the action and agreed to pay him the reasonable value of his services. The other defendants, Petrie, Fiederspiel and Thayer, answered, setting up their assignments.

The action was referred to a referee to hear, try and

determine the issues, and thereafter the trial before the referee proceeded.  There was no application by either party for an amendment of the pleadings.  The case was then submitted to the referee.

The referee rendered his report as in an action at law, finding in substance that the plaintiff, at the request of the defendant Strong, performed certain services in prosecuting the action against the railway company to recover damages for the death of Simons and that the defendant agreed to pay the plaintiff liberally out of the recovery in the event of success in the action, but nothing if the suit was not successful.  The referee also found that the prosecution of the case was successful and that the defendant Strong recovered $4,328.25, and that the value of the plaintiff's services was $1,082, and his traveling expenses were $24.65.

As a conclusion of law the referee found that the plaintiff was entitled to judgment against the defendant Strong for $1,106.65, with costs, and he ordered judgment accordingly.  To these findings the defendant duly filed exceptions.

At the request of the defendant the referee found that there was no contract between Strong and the plaintiff whereby the latter acquired any specific interest in the recovery against the railway company, and also found in effect that Strong and the plaintiff were not partners.

We have then a case wherein the complaint sets forth a cause of action in equity which, as the finding was, the plaintiff failed to prove on the trial, and the court without any amendment of the pleadings awarded the plaintiff damages as in an action at law.  Was that proper?  I think not.  There is some confusion in the cases bearing upon this subject, but the weight of authority is that where some ground of equitable jurisdiction is alleged in a complaint but fails of proof in its

entire scope on the trial, and it appears that there never was any substantial cause for equitable interference, the court will not retain the action and grant purely legal relief, but will dismiss the complaint. (*Dudley* v. *Congregation, etc., of St. Francis, etc.,* 138 N. Y. 451; *Arnold* v. *Angell,* 62 N. Y. 508; *Loeb* v. *Supreme Lodge Royal Arcanum,* 198 N. Y. 180; *Walrath* v. *Hanover Fire Ins. Co.,* 216 N. Y. 220; *Freeman* v. *Miller,* 157 App. Div. 715; *Allerton* v. *Rhineland Machine Works Co.,* 165 App. Div. 557.) Such also is the general rule throughout the country. (19 L. R. A. [N. S.] note, p. 1064.)

The inherent and fundamental difference between actions at law and suits in equity cannot be ignored. As has often been said: " Pleadings and a distinct issue are essential to every system of jurisprudence, and there can be no orderly administration of justice without them. If a party can allege one cause of action and then recover upon another, his complaint would serve no useful purpose." And further: " The rule that judgment should be rendered in conformity with the allegations and proofs of the parties, ' *secundum allegata et probata,*' is fundamental in the administration of justice. Any substantial departure from this rule is sure to produce surprise, confusion and injustice." (*Lamphere* v. *Lang,* 213 N. Y. 585, 588.)

I recommend that the judgment appealed from be reversed and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., CARDOZO, McLAUGHLIN and ANDREWS, JJ., concur; CRANE, J., concurs in result; POUND, J., takes no part.

Judgment reversed, etc.