INTERNATIONAL PHOTO RECORDING MACHINES, INC., Respondent, v. MICROSTAT CORPORATION, Appellant.

First Department, June 27, 1945.

*I. Maurice Wormser* of counsel (*J. Bertram Wegman* and *Emanuel H. Reichart* with him on the brief), for appellant.

*Jacob M. Rosenfeld* of counsel (*Irving Anolik* with him on the brief), for respondent.

Cohn, J. Plaintiff by this action in equity sought to reform a written agreement between the parties, alleging mutual mistake. After hearing the evidence the trial court decided that there had been no mistake and denied reformation. However, it construed the contract as written and held that under its terms plaintiff was entitled to a money judgment without the necessity of any reformation. From the judgment entered upon that decision defendant appeals.

The position taken by defendant is that though the court properly found no mutual mistake in the execution of the contract, it should not have decided that plaintiff was entitled to a money judgment under its interpretation of the instrument as actually written; that such an issue was not presented by the pleadings and not actually litigated; and that the foreign issue was decided contrary to the facts in the case. The appeal challenges not only the correctness of the trial court's interpretation of the contract but also the right of the court to render any judgment herein other than a judgment dismissing the complaint upon the merits.

The business of defendant is the rental and sale of microfilm equipment and the photographic recording of business documents and other records. After preliminary negotiations, plaintiff, which owned and controlled certain patents in connection with microfilm cameras, entered into a written agreement with defendant granting an exclusive license. The controversy is in connection with the royalty provisions of the agreement. In paragraph 2 of the contract, defendant Microstat covenanted to pay royalties upon the business done under its license from plaintiff International, at the rates therein specified. The contract then provided:

" 3. Microstat covenants and agrees that the minimum royalties payable in each year during the life hereof shall be as follows:

| | |
|---|---|
| For the first year, | $5,000. |
| For the second year, | 7,500. |
| For the third year, and each succeeding year during the life hereof, | $10,000. |

" In the event that the specific royalties payable, as per Paragraph 2 hereof, in any one year do not equal the minimum royalties as set forth above, Microstat shall have the right to pay the difference between the minimum royalties paid and the minimum royalties due, in cash, in order to keep this license in full force and effect. * * *.

"12. In the event of any default by Microstat arising hereunder, International shall have the right to cancel this agreement upon sixty days' notice * * *. Microstat shall also have the right to cancel this agreement upon sixty days' notice, by registered mail, to International at any time after the second year of the life hereof * * *."

No royalties were actually earned. Defendant, however, paid the minimum royalties for the first year amounting to $5,000 and one installment (the annual payments were divided into twelve installments) of $625 on account of the second year, and then ceased making further payments.

Upon defendant's failure to pay the installments, plaintiff brought an action in the City Court of the City of New York to recover the sums unpaid on the theory that there was a covenant in the agreement to pay minimum rates in any event. That action was discontinued when defendant in its answer denied that there was such a covenant, and claimed that it was optional and not obligatory on its part to make the payments demanded. This action for reformation was thereupon instituted.

The complaint here alleges that it was the intention of the parties that the minimum royalties during the first two years were to become payable by defendant regardless of whether the specific royalties were earned; that by mutual mistake of the parties the agreement omitted so to provide; and that the agreement had been executed in the belief that such provision was embodied in its terms; that the minimum royalties of $7,500 for the second year were payable in twelve monthly installments of $625, but that defendant failed and refused to pay the first three of these installments amounting to the sum of $1,875. The complaint demands judgment: (1) "That the said agreement be reformed to express the true intent of the parties, by providing that the clause giving defendant the right to pay the difference between the minimum royalties paid and the minimum royalties due, in order to keep the agreement in force, apply only after the expiration of the second year of the agreement, and that the minimum royalties payable during the first two years of the agreement shall in any event be due and payable"; and (2) for the amounts which would be due and unpaid if such reformation were granted.

The answer admits the written contract annexed to the complaint, admits that the plaintiff has demanded certain payments, which the defendant has refused to make, and denies the other allegations.

Between the time of the commencement of the action and the trial, seven further installments amounting to $4,375 accrued. At the end of plaintiff's case, plaintiff's motion to increase to $6,250 the sum sought in its demand for relief was granted without objection.

The trial court found that there had been no mutual mistake in the preparation and execution of the contract in suit; that it had been read over by the principals, consciously approved, and that it was worded exactly as the parties intended. These findings are fully sustained by the evidence. The court properly decided that there was no ground for reformation. The law is well settled that reformation may not be granted unless the case in support of it is of the clearest and most satisfactory character, nor may reformation be granted upon anything less than a certainty of error. (*Amend* v. *Hurley,* 293 N. Y. 587, 595; *Porter* v. *Commercial Cas. Ins. Co.,* 292 N. Y. 176, 181, 182; *Susquehanna S. S. Co.* v. *Andersen & Co.,* 239 N. Y. 285, 296, 297; *Philippine Sugar &c. Co.* v. *Phil. Islands,* 247 U. S. 385, 391.) When the trial court ruled that there was no mutual mistake of fact and that hence there could be no reformation of the agreement, it passed upon the only issue presented by the pleadings.

In going beyond this, and in rendering a judgment in favor of plaintiff for the payments which it found to be due under the contract as written, we think the learned court erred. When it was found as a fact that there was no mutual mistake, the complaint should have been dismissed for want of equity. Upon the issues raised by the pleadings, the court had no concern with the construction or interpretation of the agreement as drawn, for that involved a wholly different cause of action from that set forth in the complaint. The weight of authority in this State is that where some ground of equitable jurisdiction is alleged in a complaint but fails of proof in its entire scope on the trial and it appears that there never was any substantial cause for equitable interference, the court will not retain the action and grant purely legal relief, but will dismiss the complaint. (*Jackson* v. *Strong,* 222 N. Y. 149, 153, 154; *Dudley* v. *Congregation, etc., of St. Francis,* 138 N. Y. 451, 459; *Loeb* v. *Supreme Lodge, Royal Arcanum,* 198 N. Y. 180, 187.) In the *Jackson* case (*supra*), the Court of Appeals at page 154 said: " The inherent and fundamental difference between actions at law and suits in equity cannot be ignored. As has often been said: ' Pleadings and a distinct issue are essential to every system of jurisprudence, and there can be no orderly

administration of justice without them. If a party can allege one cause of action and then recover upon another, his complaint would serve no useful purpose.' And further: ' The rule that judgment should be rendered in conformity with the allegations and proofs of the parties, " *secundum allegata et probata,*" is fundamental in the administration of justice. Any substantial departure from this rule is sure to produce surprise, confusion and injustice.' (*Lamphere* v. *Lang,* 213 N. Y. 585, 588.) "

The familiar rule that when equity has obtained jurisdiction of the parties and the subject matter of the action, it may adapt the relief to the exigencies of the case does not apply here. " That rule applies when the general basis of fact, upon which equitable relief was sought, has been made out but, for some reason, it becomes impracticable to grant such relief, or where it would be insufficient, and not to a case like this, where it appears that there never was in fact any ground for equitable relief whatever, but the sole remedy was an action at law." (*Dudley* v. *Congregation, etc., of St. Francis, supra,* at p. 459.)

The trial court assumed to determine the purely legal questions involved on the theory that the protection of the right to a jury trial was unnecessary in this case because there were no fact issues for a jury to decide. We are unable to concur in this view. Plaintiff in its complaint merely asked for reformation of the contract and for such moneys as would be due and unpaid if the reformation were granted. It did not plead a cause of action for damages at law under the contract as it was written. Had it done so, defendant would then have been afforded an opportunity of making answer to such a complaint and thereafter contesting the issues thus raised. If, as asserted by defendant, the contract is ambiguous, then evidence of the intent of the contracting parties must be heard and that issue of fact determined by a jury. (*St. Regis Paper Co.* v. *Hubbs & Hastings P. Co.,* 235 N. Y. 30, 35, 36.) It is also argued that there may be a question as to due performance of the contract by plaintiff and that there may be other defenses or counterclaims available to defendant which were not presented by the pleadings or litigated upon the trial. It is also to be noted that in an action at law, plaintiff may recover only for claims existing at the commencement of the action (*Boissevain* v. *Boissevain,* 252 N. Y. 178, 181); whereas in equity the court renders judgment as of the date of trial. After failure of the equitable cause of action, judgment here was rendered upon a legal theory for an amount which could not have been recovered if the action had been one at law. Defendant did

not have its day in court upon the precise question which the judgment appealed from has decided. " Parties go to court to try the issues made by the pleadings, .and courts have no right impromptu to make new issues for them, on the trial, to their surprise or prejudice, or found judgments on grounds not put in issue, and distinctly and fairly litigated." (*Wright v. Delafield,* 25 N. Y. 266, 270; see, also, *Claris* v. *Richards,* 260 N. Y. 419; *Arnold et al.* v. *Angell,* 62 N. Y. 508.)

It is unnecessary for us to pass upon the correctness of the trial court's interpretation of the contract. Its action was taken without any waiver or consent on the part of defendant and over its specific objection. We have held that a rendition of judgment upon its construction was outside the scope of the pleadings. Questions as to the rights of the parties under the contract as written must be determined upon a trial in an action at law where all pertinent issues may be fully litigated. The substantial purpose of this suit was not the recovery of money claimed to be due under the contract as written, but its reformation because of alleged mutual mistake. Where, as here, it appears that the entire theory of the action must be altered to warrant a recovery at law, the established rule is that in such circumstances the complaint must be dismissed and the plaintiff must be relegated to its remedy at law in an action brought upon a proper theory supported by appropriate allegations for such relief. (*Oakville Co.* v. *Double-Pointed Tack Co.,* 105 N. Y. 658; *Husted* v. *Van Ness,* 158 N. Y. 104; *Maass* v. *Rosenthal,* 125 App. Div. 452, 456.)

For the foregoing reasons the judgment should be reversed. with costs, and the complaint dismissed, with costs.

MARTIN, P. J., UNTERMYER, DORE and CALLAHAN, JJ., concur.

Judgment unanimously reversed, with costs, and the complaint dismissed, with costs. Settle order on notice.