## (April 15, 1946.)

CHERNE ABRAMS, Respondent, v. MARYLAND CASUALTY COMPANY, Appellant. — In an action by a judgment creditor for the reformation of a policy of automobile liability insurance, and for judgment against the defendant insurance company on the policy as reformed, judgment in favor of the plaintiff reversed on the law and the facts, and a new trial granted on the law side of the court, with costs to appellant to abide the event, and with leave to plaintiff to amend her complaint, if she shall be so advised. Plaintiff was not entitled to reformation. In the absence of fraud, reformation may not be directed without clear and convincing proof of mutual mistake. (*Amend* v. *Hurley*, 293 N. Y. 587; *Porter* v. *Commercial Cas. Ins. Co.*, 292 N. Y. 176; *Salomon* v. *North British & M. Ins. Co.*, 215 N. Y. 214.) No mutual mistake was established in this action. Since the ground of equitable jurisdiction alleged in the complaint has not been established to any extent, and it appears that there never was, as between the parties, any cause for equitable interference, the court may not retain the action and grant purely legal relief. (*Jackson* v. *Strong*, 222 N. Y. 149; *International Photo Rec. Mach.* v. *Microstat Corp.*, 269 App. Div. 485.) We do not decide at this time whether the plaintiff may recover on the policy without reformation. It is our opinion, however, that she is entitled to a trial on that theory, under an appropriate pleading, if she shall be so advised. Under the circumstances disclosed, the acceptance of the last installment of the policy premium after the accident did not estop defendant (*Beaudry* v. *Massachusetts Bonding & Ins. Co.*, 260 App. Div. 871; *Baker* v. *Union Mutual Life Ins. Co.*, 43 N. Y. 283), nor did it operate as a waiver of any of defendant's rights to deny that there was a mutual mistake or to defend this action. (*Mapu* v. *Agricultural Insurance Co.*, 244 App. Div. 268.) For the purposes of a new trial all findings are reversed and conclusions disapproved. Lewis, P. J., Hagarty, Carswell and Nolan, JJ., concur; Aldrich, J., concurs in the result.

HARRY COMORAW, Appellant-Respondent, v. CITY OF NEW YORK, Respondent-Appellant. — Action for damages for personal injuries sustained as the result of the alleged negligent failure of defendant to remove snow and ice from a highway. Cross appeals from an order setting aside a jury verdict for plaintiff as against the weight of the evidence and denying motion of defendant to dismiss the complaint. On appeal by plaintiff from so much of the order as sets aside the verdict, order, insofar as appealed from, unanimously affirmed, without costs. No opinion. On appeal by defendant from so much of the order as denies its motions to dismiss the complaint, appeal dismissed, on consent, without costs. Present — Lewis, P. J., Hagarty, Carswell, Aldrich and Nolan, JJ. [See *post*, p. 1016.]