CHERNE ABRAMS, Respondent-Appellant, v. MARYLAND CASUALTY COMPANY, Appellant-Respondent.— In an action by a judgment creditor, pursuant to section 167 of the Insurance Law, to recover on an automobile liability policy of insurance issued to a judgment debtor, defendant appeals from an order denying its motion to dismiss an amended complaint for insufficiency. Defendant also appeals from a second order insofar as it denies its motion to dismiss the amended complaint on the ground that the cause of action did not accrue within the time limited by the policy of insurance for the commencement of an action thereon, and denies its motion to strike out paragraphs 26, 27 and 41 of the amended complaint. Cross appeal by plaintiff from the second order, insofar as it grants the motion of defendant to strike out paragraphs 31, 32 and 33 of the amended complaint. Order, on reargument, insofar as appealed from, denying motion to dismiss the amended complaint for insufficiency, affirmed, without costs. Order, on reargument, granting in part and denying in part, motion to strike out certain paragraphs of the amended complaint, and denying motion to dismiss the complaint, modified on the law, by striking from the second ordering paragraph the words " ' Thirty-first,' ' Thirty-second ' and ' Thirty-third ' ", and by substituting in lieu thereof, the following: " Twenty-sixth ", " Twenty-seventh " and " Forty-first "; and by striking from the second ordering paragraph the words " and to dismiss ", and by further providing that the motion to dismiss the amended complaint is granted. As so modified, the order, insofar as appealed from, is affirmed, without costs. (a) The allegations of the amended complaint, considered with the " exclusion " provision of the policy of insurance annexed to the amended complaint, show that the named insured transferred its interest in the truck and, therefore, that the coverage of the policy did not apply to the accident. Nevertheless, the further allegations of the amended complaint with respect to acceptance of premium with knowledge, serve, as a matter of pleading, to render the complaint sufficient. Determination of the issue is dependent on the attendant circumstances which would be a matter of proof on a trial. (*Abrams* v. *Maryland Cas. Co.*, 270 App. Div. 901; *S. & E. Motor Hire Corp.* v. *New York Ind. Co.*, 255 N. Y. 69, 72; *Draper* v. *Oswego Co. Fire Relief Assn.*, 190 N. Y. 12; *Curnen* v. *Law Union & Rock Ins. Co.*, 159 App. Div. 493, 497; *Matter of Lipshitz* v. *Hotel Charles*, 226 App. Div. 839, 840.) (b) The allegations with respect to intention to continue the insurance after transfer of interest are insufficient in that they fail to allege that defendant consented thereto in the manner prescribed by the policy, or, even, that its intention was based on knowledge of the transfer. (c) The amended complaint must be dismissed, however, on the ground that the action was not commenced within the two-year limitation period prescribed in the policy of insurance. In the original or prior complaint, plaintiff sought reformation of the policy so as to add a named insured, and the allegations of waiver and estoppel therein must be deemed to have related to defendant's effort to deny a claimed mutual mistake which would otherwise warrant the addition of an added named insured. In the amended complaint, the plaintiff is attacking the effectiveness of the exclusion clause, and the allegations with respect to estoppel and waiver are designed to prevent defendant from invoking it. The causes are different

and time must be reckoned from service of the amended complaint. (*Guntzer* v. *County of Westchester*, 273 App. Div. 966, affd. 298 N. Y. 755; *Harriss* v. *Tams*, 258 N. Y. 229; *McConnell* v. *Caribbean Petroleum Co.*, 278 N. Y. 189; *International Photo Rec. Mach.* v. *Microstat Corp.*, 269 App. Div. 485, 489.) Leave to serve an amended complaint did not and could not safeguard plaintiff against a later attack on the ground that the action was not timely brought. (*Harriss* v. *Tams, supra*, p. 241.) Nolan, P. J., Carswell, Johnston, Sneed and MacCrate, JJ., concur.