MARILYN JACKENTHAL, Appellant, v. STANLEY JACKENTHAL, Respondent.— In an action by a wife to recover one half of moneys withdrawn by her husband from a joint bank account, she appeals from an order of the Appellate Term which reversed a judgment of the Municipal Court of the City of New York, Borough of Brooklyn, entered on a jury's verdict in her favor and dismissed the complaint, without prejudice to an action in equity. Order modified on the law and the facts by striking therefrom the provision dismissing the complaint without prejudice to an action in equity and by adding a direction for a new trial, and, as so modified, order unanimously affirmed, without costs. There was no evidence of any agreement between the parties whereby their rights were to be other than those which arise from the mere establishment of a joint bank account. Presumably each was entitled, while both were alive,

to withdraw one half of the amounts deposited plus interest. (*Moskowitz* v. *Marrow,* 251 N. Y. 380; *Matter of Suter,* 258 N. Y. 104.) It is undisputed that defendant has withdrawn $1,185 out of a total of $1,187.07. Five hundred fifty dollars was concededly withdrawn by consent of the plaintiff. Four hundred dollars of that withdrawal was to pay for furniture which both had purchased, but which was not kept when the parties separated. Defendant retained that sum. One hundred fifty dollars of the $550 was for the defendant's use. Plaintiff admitted she gave that sum to him. At least, as to that amount, the plaintiff was not entitled to judgment. One hundred thirty-five dollars was withdrawn to purchase a washing machine. The jury could find that the machine had not been purchased and that the plaintiff had not consented to the purchase. Five hundred dollars was withdrawn by defendant without plaintiff's consent when the parties were about to separate. The joint nature of the account was destroyed when the defendant withdrew the $500 on February 2, 1953. (*Matter of Suter, supra.*) On this record it could be found that he was then entitled to withdraw but one half of $637.07. The balance was the property of the plaintiff. Thereafter, when he was not obliged to pay for the furniture, the plaintiff was entitled to one half of the $400. Upon his refusal to pay on demand, she could sue at law to recover. There was no need for an accounting to ascertain what was due to her. (*Gates* v. *Bowers,* 169 N. Y. 14.) In *Begun* v. *Juskowitz* (N. Y. L. J., Dec. 20, 1948, p. 1598, col. 4), because of the nature of the agreement for the joint account and of the event on which plaintiff relied to seek return of his contributions to the funds, resort to equity was necessary to determine whether the agreement could be rescinded. In the present case the parties have established no agreement which made necessary a resort to equity to determine their rights when one of them by withdrawals had destroyed the joint account. Present — Nolan, P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ.