KATHERINE PIEPER, Appellant, v. EVELYN P. RENKE, Respondent.— In her complaint, the appellant, who is the respondent's mother, alleged that she turned over stated sums of money to the respondent, in whom she reposed trust and confidence, to be used for the purchase of a home for the appellant and that the respondent failed and refused to enter into any contract for the purchase of a home. In her prayer for relief, the appellant demanded an accounting and an adjudication that the respondent pay to the appellant what-

ever sums of money were found to be due. At the trial, the respondent testified that she did not buy a house and had spent the money. Special Term held that equitable relief was not appropriate and directed the entry of a money judgment in favor of the appellant. The appeal is from so much of the judgment as denies equitable relief. Appellant urges that the judgment be modified to contain a direction that the respondent be required to pay the sums due. Apparently the judgment is or may be uncollectible and the modification is requested so that the judgment may be enforced by a contempt proceeding. Judgment unanimously affirmed, without costs. We shall assume that it was proper for Special Term to retain the cause for the purpose of awarding a money judgment (see, e.g., *Marwede* v. *Commercial Hotel,* 273 App. Div. 984; *Doyle* v. *Allstate Ins. Co.,* 1 N Y 2d 439, 442–443; *Atlantic Metal Prods.* v. *Minskoff,* 267 App. Div. 1002, affd. 295 N. Y. 566; *Abrams* v. *Maryland Cas. Co.,* 270 App. Div. 901). But the pleadings and proof did not warrant any equitable relief. No equitable rights were to be adjusted (see, e.g., *Hun* v. *Cary,* 82 N. Y. 65, 79); no instrument to be surrendered; no rescission to be declared; no request was made to impress a trust on any specific property or funds and there was nothing for equity to undo (*Schank* v. *Schuchman,* 212 N. Y. 352, 356–357). There was no need for any accounting to ascertain what was due to appellant (see, e.g., *Jackenthal* v. *Jackenthal,* 285 App. Div. 1074). The pleadings and the proof did not require that the judgment contain a direction for equitable relief (see, e.g., *Matter of Eckert,* 1 A D 2d 968). Present — Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ.