■ SYRACUSE AMUSEMENT COMPANY, INC., Respondent, v. JAMES LONGO, Doing Business as JIM LONGO'S RESTAURANT, Appellant.— Order unanimously reversed, without costs of this appeal to either party, and motion to dismiss the complaint granted, without costs, with leave to the plaintiff to serve an amended complaint within 20 days after service of a copy of the order herein with notice of entry, if so advised. Memorandum: The parties entered into a contract which plaintiff claims, among other things, gave it the exclusive right to sell cigarettes by means of coin-operated machines in defendant's restaurant. Plaintiff has attempted to plead a cause of action in equity seeking an injunction for two years, repayment of certain loans made by it to defendant and other relief. Special Term granted plaintiff's application to punish defendant for contempt for failure to comply with a restraining provision in the order to show cause and defendant has abandoned his appeal from this part of the order. Plaintiff's demand for a temporary injunction pending trial of the action was denied, as was defendant's cross motion to dismiss the complaint pursuant to rule 106 of the Rules of Civil Practice. The complaint recites the execution of four printed agreements which provided that in return for four loans made by plaintiff the defendant would give plaintiff the exclusive right to install coin-operated machines for a two-year period. It further alleges that defendant discontinued the use of said machines and was using machines of third parties, all of which caused plaintiff irreparable damage which could only be remedied by equity granting injunctive relief. Special Term decided that damages could be readily ascertainable and that the plaintiff therefore did have an adequate remedy at law, but nevertheless denied the motion to dismiss the complaint. The Special Term's conclusion that the plaintiff had an adequate remedy at law was clearly correct. The agreement provided that the plaintiff retained title to the machines and there is nothing to prevent it from removing its machines and proving its damages for the breach. Further the plaintiff can certainly recover the loans it made, pursuant to the terms of the contracts, in an action at law. Although the plaintiff is not entitled to equitable relief, its complaint does allege a good cause of action at law for at least the repayment of its loans and for such other damages as it may be able to prove from the alleged breach of contract. In this situation, the complaint should be dismissed but the plaintiff should not be required to institute a new action. It should be granted leave to serve an amended complaint which would have the effect of transforming an equitable action into an action at law (5 Carmody-Wait, New York Practice, p. 36; *N. & L. Fur Co.* v. *Petkanas,* 252 App. Div. 844; cf. *International Photo Recording Mach.* v. *Microstat Corp.,* 269 App. Div. 485; Twentieth Annual Report of N. Y. Judicial Council, 1954, pp. 297, 312 and cases there cited). (Appeal from order of Onondaga Special Term granting

the plaintiff's motion to punish the defendant for contempt and denying the defendant's cross motion to dismiss the complaint.) Present — Bastow, J. P., Goldman, Halpern and Henry, JJ.