CHURCH OF GOD OF PROPHECY, Appellant, v. FLOYD FERRIS et al., Respondents.— From the parties' stipulation that trustees Clark, Newman and Inman were and continued to be the duly appointed trustees of the local church, with sufficient authority, indeed, to convey to plaintiff the property on which the church edifice stood, it follows, first, that Tomlinson, Grover and Tichenor were not trustees (and this, in fact, is not contradicted) and, second, that their purported deed to defendants of the parsonage property was without authority and of no effect. Assuming arguendo that bare legal title resided in the Clark group of trustees, rather than in the entirely different trustees designated by the parent church by the recorded " instrument of correction " (cf. Conklin v. State of New York, 284 App. Div. 193, 197) or in plaintiff, nevertheless the quitclaim deed to defendants from Clark, Newman and Inman (whether their conveyance be deemed individual in form or as " previous trustees ", as the deed once refers to them, or otherwise) was evidently in derogation of their trust and was

ineffective to convey title if defendants were not purchasers in good faith for a valuable consideration. Apparently no consideration was paid to the Clark group of trustees and apparently no part of the $2,100 consideration paid to the Tomlinson group was received by the local church, by plaintiff or by the parent church at Cleveland, Tennessee. If such is the case the purported quitclaim was void and this without reference to any additional ground of invalidity, such as would arise from constructive notice to defendants of the claim of title by the parent church, asserted in the recorded "instrument of correction". Thus the trial court's determination, so far as it rests upon a finding of a valid conveyance to defendants, is contrary to the weight of the evidence. Turning to the issue of plaintiff's title, such may be established, if at all, only upon the basis that if the deed to defendants from the grantors Clark et al. conveyed no title, the subsequent deed from these same grantors to plaintiff, allegedly given at the direction of the parent church, may have been effective to do so, as to which we express no opinion; and we find nothing in plaintiff's certificate of incorporation or in section 4 of the Religious Corporations Law to support plaintiff's claim of a title based on its mere incorporation, absent any proof of compliance with section 190 et seq. of the Religious Corporations Law and in the face of the parent church's assertion of title in designated trustees, as set forth in the recorded "instrument of correction". It seems clear that plaintiff's remedy was an action to recover real property, in the nature of ejectment (Civ. Prac. Act, § 990 et seq.) and that defendants' motions, upon the trial, to dismiss on the ground that plaintiff had an adequate remedy at law should have been granted (see Terner v. Glickstein & Terner, 283 N. Y. 299), perhaps with opportunity to amend. The issue was properly before the court since plaintiff alleged that it had no adequate remedy at law and defendants denied the allegation (Clements v. Sherwood-Dunn, 108 App. Div. 327, 329–330, affd. 187 N. Y. 521); and plaintiff's reliance upon Bloomquist v. Farson (222 N. Y. 375, 380), in which the pleadings were completely silent as to that issue, is unfounded (20 N. Y. Jur., Equity, § 31, pp. 43–44). Assuming arguendo that, under the present practice (cf. CPLR, § 3017, subd. [a] and Civ. Prac. Act, §§ 111, 479), the mistake in remedy might be disregarded and appropriate relief granted in the trial court or here, the weight of authority, at the time of the trial, at least, was to the contrary (see Jackson v. Strong, 222 N. Y. 149; International Photo Recording Mach. v. Microstat Corp., 269 App. Div. 485; 3 Weinstein-Korn-Miller, New York Civ. Prac., par. 3017.06); but, in view of the open questions remaining, and of some inadequacies in the present record, we find remittal necessary, in any event. Upon a new trial, or upon a trial of issues differently framed, defendants should have an opportunity to plead and prove whatever rights may have accrued to them if, as claimed, they improved the premises, with the owner's knowledge. (Cf. Roller v. Frankel, 9 A D 2d 24, 27, app. dsmd. 9 N Y 2d 649.) Judgment reversed, on the law and the facts, and a new trial ordered, with costs to abide the event. Bergan, P. J., Gibson, Reynolds and Taylor, JJ., concur.